## DORCAS WILKINSON vs. JOHN DREW.

### York. Opinion July 31, 1883.

*Negligence. Punitive damages. Evidence.*

In an action of the case for losses sustained by the negligence of the defendant punitive damages may be allowed when the act or omission was wilful and wanton, though it is not thus alleged in the declaration.

In an action of the case for losses sustained by negligently setting fire to the plaintiff's grove, which she rented for picnics and to pleasure parties, it was held admissible to show that the defendant said "he wished to God it had burned the whole of it."

In such an action it is not admissible to show that parties hiring the grove trespassed upon the defendant or that the grove was resorted to by persons of ill repute, and disorderly persons.

ON EXCEPTIONS.

Action of the case. The writ was dated August 21, 1882. The plea was the general issue and the following brief statement :

"And for brief matter of special defense, defendant says that the premises of the plaintiff were used in a manner and for a purpose that was unlawful, and constituted it a nuisance, which manner was of special injury and damage to him in his property, and in the comfort and convenience of its use and occupation, interrupting and interfering with his business, and largely impairing the value of his said property, both his mill and his dwelling house, and in various other ways by the collection of improper crowds, &c. otherwise damaged him and injured him."

At the trial the defendant's counsel asked several witnesses questions as to the conduct and character of persons visiting the grove and their trespassing upon the defendant's property, all of which were excluded. The verdict was for plaintiff in the sum of $170.83.

Other material facts are stated in the opinion.

*Copeland and Edgerly*, for the plaintiff, cited : *Pike* v. *Dilling*, 48 Maine, 542 ; *Day* v. *Woodworth*, 13 How. 363.

*G. C. Yeaton*, for the defendant.

All the authorities which permit punitive damages under any circumstances rigidly confine them to the class of cases in which "the injury is inflicted wilfully," or "from wanton or malicious motives, or a reckless disregard of the rights of others"; and the point to be emphasized here is that the action is case and not trespass, and that the writ contains no allegation of anything "wilfully or wantonly or recklessly" done by defendant.

It is a familiar principle of pleading that "whatever circumstances are necessary to constitute the cause of complaint. . . must be stated in the pleadings." So recently as *Gilmore* v. *Mathews*, 67 Maine, 517, 520, it is stated thus: "Every fact necessary to sustain the action should not only be stated, but set out distinctly and with certainty, leaving nothing to inference."

If the court can hold punitive damages recoverable in case for negligence at all, it would seem consonant with the traditional purpose of a declaration to require some allegation by which the defendant may be informed that he is charged with acting, or omitting to act, wilfully or wantonly, else the very gravamen of plaintiff's real claim remains concealed from him until the moment of trial, nay, until the particular witness who testifies to the facts relied upon to establish the wilfulness and wantonness, be called. 6 T. R. 128; 8 T. R. 192; Oliv. Prec. (3d ed.) Tit. Case II. p. 350; *Peoria Bridge Association* v. *Loomis*, 20 Ill. 236; *Wordsworth* v. *Treat*, 43 Maine, 163; *Pike* v. *Dilling*, 48 Maine, 539; *Prentiss* v. *Shaw*, 56 Maine, 427; *Goddard* v. *G. T. R. R.* 57 Maine, 202; *Hanson* v. *E. & N. A. R. R.* 62 Maine, 84; *Johnson* v. *Smith*, 64 Maine, 553.

The plaintiff was responsible for the bacchanalian orgies which were celebrated in her grove, thereby constituting it a nuisance, for the interruption of which illegal source of profit no damages can be recovered. *Sherman* v. *Fall River Iron Works Co.* 5 Allen, 213; *Lord* v. *Chadbourne*, 42 Maine, 429, 440; *Brightman* v. *Bristol*, 65 Maine, 426, 435; Wood's Law of Nuisances, 818, 819; *Fish* v. *Dodge*, 4 Denio, 311; *State* v. *Williams*, 1 Vroom, 102.

Evidence as to what parties brought with them to the grove was also competent to characterize the people, the occasion, the place. So also that "people of ill repute of both sexes" gathered there, and their "disorderly conduct," going and returning on excursion picnics, were competent. *Vide Commonwealth* v. *Kimball*, 7 Gray, 328; *Commonwealth* v. *Gannett*, 1 Allen, 7; *Commonwealth* v. *Dam*, 107 Mass. 210.

APPLETON, C. J. This is an action of the case in which the plaintiff seeks to recover damages of the defendant for his "improperly and carelessly" erecting in an improper place a brick kiln on his land near that of the plaintiff, kindling a fire in the same and so "negligently" watching and tending the same, that it greatly damaged the plaintiff's grove, burning the trees standing thereon, and rendered it undesirable and of little value for picnics, and excursions of pleasure, for which purposes it had been previously rented.

The defendant's counsel requested the court to instruct the jury that this was not a case for punitive damages, but the court declined to give such instructions.

The plaintiff claims to recover for losses occasioned by the negligence of the defendant. The contention is that this being an action for negligence, punitive damages cannot be awarded.

The law seems well settled that punitive damages may be given in case equally as in trespass. Whatever reasons exist for punitive damages in trespass are equally applicable in case. The objection is that this is merely negligence and not the wilful act of the defendant. But the omission of duty — negligence, may be as injurious and criminal in its consequences as the direct and wrongful application of force. The omission to act when action is obligatory is equally criminal with wrongful action when action is forbidden. Action and inaction alike imply volition. Care and want of care are evidentiary of mental conditions. In *Hopkins* v. *A. & St. Lawrence Railroad*, 36 N. H. 9, which was an action to recover damages for the negligence of the defendant, PERLEY, C. J., says, "It is objected that in this case exemplary damages cannot be recovered, because the foundation of the action is negligence, and not a wilful and malicious act of

the defendants. Such damages are awarded for the sake of the public example, or to punish some act or default, which has more or less the character of a crime. The right to recover them is not confined to one form of action. They may be recovered in case as well as trespass. *Goodspeed* v. *The Bank,* 22 Conn. 630 ; *Fleet* v. *Hollenkemp,* 13 B. Monroe, 219 ; *Day* v. *Woodworth,* 13 Howard, 363."

Assuming that punitive damages may be given in actions for negligence, it is conceded that those given were in strict accord with law.

The objection is taken that there can be no recovery for punitive damages because of the omission of certain adjectives intensifying the negligence by describing it as gross and of certain adverbs indicating wicked intent, as maliciously, wantonly, &c. In *Wilson* v. *Brett,* 11 M. & W. 113 ; ROLF, B., said that he could see no difference between *negligence* and *gross negligence ;* that it was the same thing with the addition of a vituperative epithet. This observation has met with approval. In *Railroad Co.* v. *Lockwood,* 17 Wall. 357, the court say, referring to the distinction between slight and gross negligence : " In each case, the negligence, whatever epithet we give it, is failure to bestow the care and skill which the situation demands ; and hence perhaps it is more strictly accurate to call it simply negligence." This is the tendency of modern authorities. The character of the negligence and how far it implies a disregard of the rights of others or a criminal neglect on the part of a defendant, is to be determined by the jury under proper instructions. The damages are to be determined by the act done or omitted to be done and the circumstances attending the act or the omission to act, and not upon whether certain vituperative adverbs are or are not inserted in the declaration. To authorize damages, it is sufficient if the plaintiff in his declaration allege negligence, but he must prove that it is of such a character as to authorize the jury to find that the act or omission of the defendant was willful and wanton.

The remark of the defendant that " he wished to God it had burnt the whole of it," meaning the grove, was clearly admissible as indicating a state of mind unfriendly to the plaintiff and as

showing not merely utter indifference to her rights, but a preference for the destruction of her property rather than its preservation.

If the lessees of the plaintiff were guilty of any trespass upon the property or rights of the defendant or any violation of the laws of the state, the defendant has the recognized legal remedies and the state its criminal processes, but the plaintiff is not shown in any way to be responsible therefor. The evidence, therefore was properly rejected.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.

PETERS, J., concurred in the result.