YORK CORPORATION
*vs.*
E. PERRY IRON & METAL CO., INC.

Cumberland.   Opinion, February 10, 1961.

*Alan Levenson,* for plaintiff.

*Woodman, Skelton, Thompson & Chapman,*
for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, JJ. SIDDALL, J., did not sit.

WILLIAMSON, C. J. On appeal. This is an action to recover damages for the conversion of copper wire. The jury returned a verdict of $1701 for the value of the wire, and assessed punitive damages at $500.

The evidence viewed most favorably for the plaintiff discloses the following:

The plaintiff York Corporation is a utility generating and selling electricity. From July 1958 to November 1959 there was a series of thefts of high tension copper wire from the plaintiff's pole lines totaling 15,540 pounds. Six men pleaded guilty and were convicted of the thefts.

Two of the men convicted sold 3,000 pounds of the wire to the defendant corporation at Portland. The number of pounds sold was obtained by dividing the amount received by the maximum price of 20 cents per pound. The value of the wire was established at 56.7 cents a pound, or $1701.

The jury was fully justified on the evidence in finding that the plaintiff had title to certain wire; that the wire was stolen from it; that it came into possession of the defendant; that it was converted by the defendant to its uses; that the wire so converted was of a certain quantity and value; and that the worth of the wire at the time of the taking by the defendant was properly established. The plaintiff is entitled to recover $1701 for the value of the wire so converted.

The question remains whether the jury could lawfully assess punitive damages. The defendant makes two points: first, that the issue was not properly in the case, and secondly, that punitive damages are not recoverable in an action for conversion.

Punitive damages may be assessed by a jury where there has been a conversion, as here charged, "in reckless and wanton disregard of the rights of the owner; and that the Defendant, knowing the property to be stolen goods, did convert same to its own use, wilfully and with malice, all to the damage of the Plaintiff herein to the punitive damage value of Five Hundred Dollars ($500.00)." See Annot. 54 A. L. R. (2nd) 1361 and 1395.

The facts, not the pleadings, determine whether punitive damages are recoverable. *Wilkinson* v. *Drew*, 75 Me. 360. See Maine Rules Civil Procedure, Rule 9, and Maine Civil Practice, Field & McKusick, § 9.6.

The defendant could hardly have been surprised at the claim for punitive damages in light of the evidence of plaintiff's witness who sold the wire to the defendant. The witness made it plain beyond doubt that the assistant treasurer of the defendant corporation knew the wire was taken unlawfully from a pole line in Sanford, and that it was not owned by the seller. He testified in part:

"A. He (the assistant treasurer) says: 'You better watch your step because if we get caught with it, it will be an awful jam.' I told him I took it by night.

Q. You told him you took it by night?

A. Yes.

Q. Did he say he would buy it?

A. Oh, yes, he bought it."

The assistant treasurer denied the conversation. The jury chose to believe the witness.

We find no error on the part of the court in refusing to direct a verdict for defendant or to grant a new trial, or in giving the instructions relating to punitive damages, or in allowing an amendment to the complaint, or in the rulings on several points relating to evidence. The plaintiff is entitled to judgment on the verdict.

The entry will be

> *Appeal denied.*
>
> *Judgment to be entered on the verdict.*