JOHN ELFERS, Respondent, v. MILTON WOOLLEY, Appellant.

Where a complaint in an action for assault and battery sets forth facts from which malice may be inferred, although there is no express averment that the assault was made with malice, evidence of the circumstances immediately connected with the transaction tending to show that defendant acted maliciously is competent and may be given.

Defendant proved upon the trial of such an action that plaintiff was asked to submit to a medical examination and refused. Defendant's counsel requested the court to charge that there is no method by which defendant could compel plaintiff to submit to such examination. The judge replied, in substance, that he believed orders for an examination had been made in such cases, and he did not think it necessary to charge directly upon it. *Held* (POTTER, J., dissenting), that an exception to the refusal to charge as requested was unavailable; that the request was to charge an abstract proposition not involved in or necessary for the determination of the case.

Said counsel asked the court to charge that the jury had a right to infer from the refusal to submit to the examination that it would not disclose any fact favorable to the plaintiff. The court replied that the jury might give it such weight as they thought it ought to have. *Held*, that the charge was as favorable to defendant as he was entitled to, and he could not complain.

(Argued June 26, 1889; decided October 8, 1889.)

APPEAL from a judgment of the General Term of the City Court of Brooklyn, entered upon an order made June 28, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinions.

*G. B. Stoddard* for appellant. Malice not having been alleged in the complaint it was not proper to prove it. (3 Am. Jur. 293, 492; 2 Greenl. on Ev. §§ 270, 272; 1 Chitty on Pleading, 130, 388, 389; 1 Wharton's Crim. Law, 399; *Childs* v. *Delaney*, 1 T. & C. 506.) The court has no power to order a party to an action to submit to a medical examination. (*Savage* v. *Murray*, March Special Term of City Court of Brooklyn.) An omission to produce material testimony, which is clearly within the reach of a party and belongs to

him to produce, raises the presumption that it is the result of knowledge cr fear on his part that it would not help his case. (*Bruce* v. *Kelly*, 39 N. Y. 27; *Wylde* v. *N. R. R. Co.* 53 id. 156.)

*George H. Fisher* for respondent.   The evidence was prop. erly admissible for the purpose of proving malice.   (*Voltz* v. *Blackmar*, 64 N. Y. 440–444.)

HAIGHT, J.   This action was brought to recover the damages sustained by reason of an assault and battery committed by the defendant upon the person of the plaintiff.

Upon the trial the plaintiff testified that the night before the assault the defendant sent for him and had a conversation with him.   He was then asked for the conversation.   This was objected to by the defendant.   The objection was over-ruled and the witness answered, "He said here, old man, I want you to give up the lease.   I will pay you for what you have done and a few dollars besides.   You shall give up the store.   The Chinaman wants the store.   You are a poor man. The Chinaman is rich."   It is now contended that this evi-dence was improperly received, and for that reason that the judgment should be reversed.

After the evidence was objected to the plaintiff's counsel made a statement to the effect that he proposed to show malice, and the court stated that it might be material on that point. The evidence had but a slight bearing upon the question at issue.   The most that can be claimed for it is that it showed the foundation or commencement of the quarrel which resulted in the assault complained of.   It is true the complaint does not, in terms, allege that the assault was made with malice. It does, however, allege facts from which malice may be inferred.   It alleges that the assault was made without any cause or provocation, and that it was made with great force and violence.   The rule is well settled in this state that in an action for an assault and battery all the circumstances immediately connected with the transaction tending to exhibit

and explain the motive of the defendant is competent for the purpose of showing whether he acted maliciously or in an honest belief that he was justified in what he did. ( *Voltz* v. *Blackmar*, 64 N. Y. 440.) We are, therefore, of the opinion that the evidence was competent.

After the charge of the court had been made to the jury, the defendant's counsel asked the court to charge that there is no method by which the defendant could compel the plaintiff to submit to a medical examination. The court replied : " I believe orders have been made in such cases that the plaintiff should submit to a medical examination. I have not examined the question of law, and I do not think it necessary to charge expressly on that, but such orders have been made by the courts, and certainly I cannot say that you could not have done it if you had made the attempt." The defendant excepted to the refusal of the court to charge as requested.

We do not understand that there is any provision of the statute requiring a party to submit to a medical examination before trial, but we do not think the refusal of the court to charge upon the subject calls for a reversal of the judgment. The court frankly stated that it had not examined the question, and did not undertake to state whether such an examination could be compelled. The request called for the court to charge an abstract proposition of law that was not involved in the case or necessary for its determination. The defendant, upon the trial, had called out the fact that the plaintiff was asked to submit to a medical examination and that he refused. This much was before the jury, with such inference to be drawn from it as was proper. The question as to whether the defendant could have compelled such examination was of no consequence, and did not have any proper bearing upon the determination of the facts involved.

The defendant's counsel further asked the court to charge the jury that they have a right to infer from that fact that the examination would not disclose any fact favorable to the plaintiff. We understand this request to refer to a medical examination of the plaintiff. The court replied to the effect

that the jury might give it such weight as they think it ought to have, etc. The defendant ought not to complain on account of this charge, for it was as favorable to him as he was entitled to have.

We are, consequently, of the opinion that no error was committed upon the trial, and that the judgment should be affirmed, with costs.

POTTER, J. (dissenting). I have examined somewhat the opinion of brother HAIGHT, and am inclined to take a different view from him in relation to one of the exceptions in this case. The court was requested to charge the jury " that there is no method by which the defendant can compel the plaintiff to submit to a medical examination."

The action is brought to recover damages of the defendant alleged to have been sustained in consequence of an unlawful assault and battery by the defendant upon the plaintiff. The injury to plaintiff was claimed to have been severe and permanent, and the jury manifestly took that view from the evidence, for they rendered a verdict for $1,500 in plaintiff's favor.

It appears from the case that the nature and extent of the injuries and the amount of damages were vigorously contested upon the trial. The defendant had been allowed to prove that he had sought such examination of plaintiff before trial and the plaintiff had refused him the opportunity. It is safe to assume that counsel for the defendant had, in discussing the question of damages, referred to the fact that, in this class of cases, the plaintiff has the evidence in his own hands, and the defendant does not always know just what the testimony is to be. The court in his *charge said that to the jury.* It had been shown, in order to give additional point and force to this situation, that the defendant had applied to the plaintiff for the opportunity of a medical examination and the plaintiff had refused to afford it. The trial judge had held that this was a pertinent and proper fact for the consideration of the

jury upon the question of damages, and I agree with him in such ruling. (*Beckwith* v. *N. Y. Cen. R. R. Co.*, 64 Barb. 307.)

The question was distinctly raised by the defendant's request that the court should charge the jury that there is no method by which the defendant can compel the plaintiff to submit to a medical examination. The court, in response to said request to charge, said " such orders (that is orders compelling a plaintiff to submit to a medical examination) have been made by the courts, and certainly I cannot say that you (the defendant) could not have done it if you had made the effort." In this the court not only refused the defendant's request, but, what was worse and more prejudicial to the defendant, gave the jury to understand that the defendant could have compelled such an examination of the plaintiff, though the plaintiff had refused to submit to such examination when defendant requested it.

The case stood thus: That defendant had requested and plaintiff had refused a medical examination of his person; such an examination would necessarily throw light upon the nature and extent of his injures, and, of course, upon the amount of the damages to be found by the jury. The court charged the jury that they might consider this as bearing upon the claim for damages and give it such weight as it is entitled to. The plaintiff, although a witness upon the trial with his medical witnesses, had not shown his injuries to the jury nor offered to, though his refusal to do so had been proved. Now, the fact of his refusal to allow a medical examination before trial had been proved; the judge charged that the jury might consider such refusal upon the question of damages; the omission of plaintiff to expose his injuries and to allow his medical witnesses to explain and demonstrate from them their nature and extent, all took place between court and counsel and in the presence and hearing of the jury, who were, if they found the defendant liable, to assess the plaintiff's damages. The force and effect of these facts might be materially changed if the defendant had the power to compel the medical examination of the plaintiff and had omitted to exercise it. It seems

to me this was a very pertinent and practical question for the jury in the assessment of the damages plaintiff might recover, and the defendant was entitled, in these circumstances, to the instruction of the trial judge that the court had no power to compel the plaintiff to submit his person to a medical examination. (*Roberts* v. *Ogdensburg & L. C. R. R. Co.*, 29 Hun, 154; *Neuman* v. *Third Ave. R. R. Co.*, 18 J. & S. 412.) Instead of such instruction the court virtually held and gave the jury to understand that the defendant had the power to compel such an examination of the plaintiff if he had made the effort to get an order therefor. The jury might be lead to discredit the severity of the plaintiff's injury and the amount of his damages, from his refusal to permit an examination and an exhibition of his injuries. But if the plaintiff had the power to compel such examination and had omitted to exercise such power, the jury might well, and doubtless did, think, that plaintiff's refusal to be examined proceeded from a natural disinclination to expose his person rather than a purpose to conceal the true character and extent of the injuries and to enable him to exaggerate them by description of them.

I think the judgment should be reversed and a new trial granted, costs to abide the event.

All concur with HAIGHT, J., except POTTER, J., dissenting. Judgment affirmed.