LEE v. LONGWELL.

1. ASSAULT—EVIDENCE—DISPOSITION OF DEFENDANT—OTHER OF-
FENSES.
   In an action for assault, it was not error to permit defendant to
   be cross-examined as to an assault upon a third person, for
   the purpose of showing his disposition, as against an objection
   that it occurred after the assault upon plaintiff.

2. TRIAL—INSTRUCTIONS.
   Where, in an action for assault, the issue was not complicated,
   and the court charged the jury that, if the facts were as testi-
   fied to by defendant and his witnesses, there could be no re-
   covery, it was not error to refuse specific requests presenting.
   defendant's theory.

Error to Van Buren; Carr, J. Submitted April 13,
1904. (Docket No. 52.) Decided April 26, 1904.

Case by Wilson Lee against James M. Longwell for an
assault. From a judgment for plaintiff, defendant brings.
error. Affirmed.

*Thomas J. Cavanaugh*, for appellant.

*Barnard & Lewis*, for appellee.

MONTGOMERY, J. This is an action for an assault. The
plaintiff recovered on a trial before a jury, and defendant
brings error. The testimony on the part of the plaintiff
tended to show that, as he was passing by the defendant's.
place, defendant was engaged in sprinkling his lawn;
that, as plaintiff came opposite to where defendant was
standing, the latter turned the nozzle of his hose to the
walk, in front of plaintiff, and then turned it so that the
water was carried into plaintiff's face; and that, as plain-
tiff attempted to put up his hand to protect himself, the
defendant seized hold of him, gave him a shove, and

pushed him into a hole which had been dug there, causing serious injuries. Defendant's version was that plaintiff first seized him, coming up from behind, and that all that ensued was a mere friendly scuffle. The question for the jury was, therefore, whether the scuffle was friendly, and the injury to the plaintiff accidental, or whether the defendant assaulted plaintiff in the rude and insolent manner detailed by plaintiff.

Dr. Maynard was called by plaintiff to testify to the sickness following upon the assault. On cross-examination he was asked as to testimony given on a trial of a case to which plaintiff was a party, which testimony tended to show that plaintiff was then (in 1901) suffering from senile dementia; the purpose being, as now stated by counsel in his brief, to affect the credibility of the plaintiff by showing an impaired memory, and also that, if he suffered any injury, it was the result of a fainting spell. The record states that an objection was made to the rest of the testimony on the former trial being called to the attention of the witness as to plaintiff's accident, and how it affected him. The nature of this testimony is not stated in the record, nor is the question which was ruled out given. We think enough does appear, however, to show that a very full cross-examination was permitted on this subject, and the ground was fully covered.

The defendant, as before stated, claimed that the plaintiff himself first engaged him in a friendly scuffle. On cross-examination, the plaintiff's counsel was permitted, without objection, to interrogate defendant as to whether he was in the habit of playing pranks on people. Pursuing this subject, he was asked if he did not throw cayenne pepper in a colored boy's eyes. This was objected to, and the only ground urged was that it occurred after the assault upon the plaintiff. It is clear that, if the testimony was competent as tending to show the disposition of defendant (a point we deem it unnecessary to decide, but as to which see *People* v. *Seaman*, 107 Mich. 357 [65 N. W.

203, 61 Am. St. Rep. 326]), time was not important, and the ruling was not erroneous on that ground.

Error is assigned upon the refusal of the court to give certain requests presenting defendant's theory to the jury. But as the issue was not involved, and as the court charged that, if the facts were as testified to by defendant and his witnesses, there could be no recovery, we think defendant was not prejudiced by the failure to give the specific instructions asked.

The ruling upon the motion for a new trial was not so clearly erroneous as to justify a reversal of the circuit judge's order. Indeed, were we to decide the question as in the first instance, we would not be able to reach a different result.

Judgment affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., did not sit.