GALVIN v. STARIN.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. ASSAULT AND BATTERY (§ 38*)—CIVIL LIABILITY—DAMAGES.
　　Though, in an action for assault and battery, plaintiff may give in evidence words spoken by defendant at the time as bearing on the question of malice, the words used are not a proper subject for damages.
　　[Ed. Note.—For other cases, see Assault and Battery, Dec. Dig. § 38.*]

2. ASSAULT AND BATTERY (§ 43*)—CIVIL RESPONSIBILITY—ACTIONS—INSTRUCTIONS.
　　Where, in an action for assault, plaintiff testified that defendant applied to her profane and abusive language, defendant was entitled to an instruction that plaintiff was not entitled to recover damages because of the words spoken.
　　[Ed. Note.—For other cases, see Assault and Battery, Dec. Dig. § 43.*]

Appeal from Trial Term, Cortland County.

Action by Louise Galvin against James H. Starin. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Kellogg & Van Hoesen and Edward W. Hyatt, for appellant.
Thomas C. Courtney, for respondent.

COCHRANE, J. The jury by their verdict have found that the defendant has committed an assault on the plaintiff, and have awarded her damages therefor. Plaintiff claims that defendant in an outburst of anger roughly pushed or thrust her against the side of the porch and that he seized her by the shoulders and shook her. She testified that in connection with the assault he applied to her profane and offensive language. The words used, however, were not per se slanderous.

The trial justice instructed the jury that they were at liberty to award vindictive damages or smart money, in addition to the compensatory or actual damages, provided they found the assault was committed maliciously or in wanton or reckless disregard of the rights

of plaintiff. At the close of the main charge the record discloses that the following occurred:

"Defendant's Counsel: I ask the court to say to the jury that the plaintiff in this case is not entitled to recover any damages by reason of any words that it is claimed were spoken by the defendant.

"The Court: I will decline to charge that in the exact language you ask me to, but will say that if the assault upon her person was committed that they may consider the words in connection with that.

"Defendant's Counsel: I except to the refusal of the court to charge as requested, and also except to the charge as made, and ask your honor to say to the jury that words do not constitute an assault.

"The Court: I decline that as not applicable to this case, except as I have already charged on the subject."

I am of the opinion that the defendant was entitled to have the jury charged in the exact language of both of the foregoing requests, and that because of the failure of the court to do so the jury were misled and permitted to apply an erroneous method of ascertaining the damages. The plaintiff undoubtedly had a right to give in evidence every word spoken by the defendant at the time of the assault and to have his language considered by the jury as bearing on the question of his malice. Elfers v. Woolley, 116 N. Y. 294, 22 N. E. 548; Voltz v. Blackmar, 64 N. Y. 440.

The words used, however, could not be made an independent basis for damages. They might properly tend to show malice, or the degree of the malice, and if such malice existed the jury might properly award punitive damages, in addition to the actual damages. Such punitive damages, however, should be for the existence of the malicious or evil disposition on the part of the defendant, of which malicious disposition the language used was evidence. There is quite a distinction between considering words incidentally spoken in connection with an assault as bearing on the question of malice, for which malice punitive damages, in addition to actual damages for the assault, may be awarded in the discretion of the jury, and considering the same words as in and of themselves a proper subject for damages. The refusal of the court to charge as requested, taken in connection with what he did charge, left the jury to infer that if an assault was committed they might compensate the plaintiff, not only for the assault, but also for the words uttered in connection therewith. Instead of considering the words as bearing merely on the question of malice, the jury may have concluded that they were at liberty to compensate her for actual damages by reason of the language used by defendant.

No exception was taken to the refusal of the court to charge that words do not constitute an assault. But such refusal illustrates and emphasizes the erroneous impression left with the jury by the previous charge and refusal to charge, to which exceptions were duly taken. The jury in substance were left at liberty to award actual damages for the offensive language, provided they found that an assault was committed, and to add to such damages the actual damages for the assault, and to superadd to these damages punitive damages. The design of the defendant's requests to charge was to eliminate from the consideration of the jury the first of those three elements of damages, and I think the requests should have been complied with

The damages awarded are far beyond any actual damages which plaintiff sustained, and it is easy to see that the jury may have been misled into the application of the improper rule in fixing such damages.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.   All concur.