(July 5, 1912.)

## M. M. HARSHBARGER, Respondent, v. JOSEPH MURPHY, Appellant.

[125 Pac. 180.]

ASSAULT—ACTION FOR DAMAGES — EVIDENCE — INTOXICATION—OTHER ASSAULTS.

(Syllabus by the court.)

1. In an action to recover damages for personal injuries alleged to have been sustained by reason of an assault and battery by the defendant upon the plaintiff, it was not error for the court to admit evidence of the intoxication of the defendant at the time of the assault and that he had assaulted another person shortly before he committed the battery upon the defendant, and also had assaulted another person shortly thereafter.

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. Alfred Budge, Judge.

Action to recover for assault and battery. Judgment for plaintiff. *Affirmed.*

George E. Gray and C. O. Pierce, for Appellant.

In a damage suit similar to the one at bar, the plaintiff cannot prejudice the minds of the jury by the introduction of evidence of other similar occurrences. (17 Cyc. 279; *East Kingston v. Towle,* 48 N. H. 57, 97 Am. Dec. 575, 2 Am. Rep. 174; *St. Louis I. M. & S. Ry. v. Stroud,* 67 Ark. 112, 56 S. W. 870; *People v. Cunningham,* 66 Cal. 668, 4 Pac. 1146, 6 Pac. 700, 846; *Dorsey v. Clapp,* 22 Neb. 564, 35 N. W. 389; *Miller v. Curtis,* 158 Mass. 127, 35 Am. St. 469, 32 N. E. 1039; *People v. Bowen,* 49 Cal. 654; *State v. Lapage,* 57 N. H. 245, 24 Am. Rep. 69; *Ryan v. State,* 60 N. J. L. 552, 38 Atl. 672.)

Soule & Soule and A. H. McConnell, for Respondent.

Evidence as to the defendant's intoxication is admissible in such a case as the one at bar. (*State v. Garvey,* 11 Minn. 154; *Barbee v. Reese,* 60 Miss. 906.)

The court was right in admitting all testimony which led up to an assault which tended to explain the relation of the rights of the parties. (*Gillespie v. Beecher,* 85 Mich. 347, 48 N. W. 561.)

In an action for an assault and battery, all the circumstances immediately connected with the transaction, tending to exhibit and explain the motive of the defendant, are competent for the purpose of showing whether he acted maliciously or in an honest belief that he was justified in what he did. (*Elfers v. Woolley,* 116 N. Y. 294, 22 N. E. 548; *Voltz v. Blackmar,* 64 N. Y. 440; 11 Cyc. of Ev. 800.)

The principle of *res gestae* would even bring the case at bar within its bounds. (*Pokriefka v. Mackurat,* 91 Mich. 399, 51 N. W. 1059; *People v. De Masters,* 109 Cal. 607, 42 Pac. 236; *Richards v. State,* 3 Tex. App. 423.)

SULLIVAN, J.—This is an appeal from a judgment recovered because of the alleged wilful, wrongful and reckless assaulting and beating of the plaintiff by the defendant. The answer contains a general denial of the allegations of the complaint. The cause was tried by the court with a jury and verdict and judgment rendered and entered in favor of the plaintiff, for the sum of $500. A motion for a new trial was made and overruled by the court, and this appeal is from the order denying a new trial.

The only question presented for determination on this appeal involves the ruling of the court in admitting certain evidence as to the conduct of the appellant Murphy immediately preceding and immediately following the assault in question. It is contended by appellant that the admission of such testimony prejudiced the minds of the jury against the defendant, and that it is a well-settled rule in a damage suit similar to the one at bar that the plaintiff cannot introduce evidence showing that the defendant was drunk at the time he assaulted the plaintiff and that defendant assaulted other persons before and after the acts complained of.

The evidence shows that the defendant was intoxicated at the time in question and that he was pursuing a riotous, bellig-

erent, boisterous and drunken line of conduct. The plaintiff introduced evidence to show that the defendant at the time he made the assault was in a state of intoxication. The defendant denied that he was intoxicated, and there is a substantial conflict in the evidence upon both of said issues. The evidence introduced and objected to as to defendant's conduct tended to corroborate plaintiff's evidence as to defendant's intoxication. It was competent to show that the defendant was intoxicated and that he was in a belligerent frame of mind and that he had assaulted persons immediately before and after the assault committed upon the plaintiff. It was held in *Bagley v. Maston,* 69 Vt. 175, 37 Atl. 287, that in an action for assault and battery, which defendant denies, not only the fact of his drunkenness at the time, but the extent and effect thereof, are admissible to increase the probability of his having committed the assault. The rule in regard to allowing similar circumstances, or the evidence of them, to be introduced on a trial, is stated in 17 Cyc., p. 283, as follows:

"That a fact existed or event occurred at a particular time cannot be shown by evidence that another fact existed or event occurred at another time, unless the two facts or occurrences are connected in some special way, indicating a relevancy beyond mere similarity in certain particulars."

An issue was also raised as to who was the aggressor in the assault in question. The fact that the defendant was intoxicated and in a belligerent frame of mind at the time he assaulted the defendant, and the fact that he had assaulted another person a short time prior to the assault on the respondent and had also assaulted another person a short time thereafter, were competent to show defendant's belligerent frame of mind, and the court did not err in admitting evidence of those acts and evidence that he was intoxicated at the time.

It was held in *Elfers v. Woolley,* 116 N. Y. 294, 22 N. E. 548, that in an action to recover damages for assault and battery all the circumstances immediately connected with the transaction, tending to exhibit and explain the motive of the defendant, are competent for the purpose of showing whether

he acted maliciously or in an honest belief that he was justified in what he did.

In *Lee v. Longwell*, 136 Mich. 458, 99 N. W. 379, which was an action for an assault, it was held as follows: It is clear that if the testimony was competent as tending to show the disposition of the defendant, time was not important and the ruling was not erroneous on that ground.

In the case at bar the cross-examination of the defendant upon the questions both of his intoxication and other altercations immediately preceding and following the assault in question was permitted without objection, and these two questions involve the principal issue raised in the case at bar upon the probability of the assault. There was no question about the assault, although the defendant denied it and claimed that he acted in self-defense, but the condition of the plaintiff's face after the assault clearly shows that he had been seriously assaulted. Other witnesses who were present and saw the acts of defendant testified that he was the aggressor. We think the court did not err in admitting such evidence.

Finding no error in the record, the judgment must be affirmed, and it is so ordered.

Costs awarded to respondent.

Stewart, C. J., and Ailshie, J., concur.