REBECCA COOPER *vs.* PETER McKENNA.

Middlesex.  Jan. 18. — March 4, 1878.  COLT & ENDICOTT, JJ., absent.

In an action of tort for assault and battery, evidence of justification is inadmissible
under an answer consisting only of a general denial.

A Catholic priest has no legal authority, by virtue of his priestly character, to forci-
bly remove from a room a person lawfully there, although the priest is about to
administer an office of his religion to a sick person at the latter's request.

TORT for assault and battery.  The answer merely denied
each and every averment in the writ and declaration.

At the trial in the Superior Court, before *Wilkinson*, J., there
was evidence tending to show that the alleged assault and bat-
tery was committed in an effort to remove the plaintiff from a
room in the almshouse at Marlborough, of which the plaintiff's
husband was keeper, and of which she was in charge at the
time; that the defendant, a Catholic priest, was endeavoring to
administer the sacrament of penance to a sick woman named
Hogan, who was a Catholic and believed the sacrament essen-
tial to her, and was an inmate of the house, and had requested
him to administer it; that such administering required entire
secrecy between the defendant and the sick person; that the
plaintiff refused to leave the room after being requested to re-
tire; and that a sufficient and proper amount of force was used
to compel her to leave.

The defendant requested the judge to instruct the jury as
follows: " If the jury are satisfied that the defendant went to
the almshouse, at Hogan's request, to administer to her the sac-
raments of her church, and violated no rule of the house, either
written or otherwise, and did not interfere with the proper disci-
pline of the house in obtaining access to her, then, if the sacra-
ment of penance to be administered, as understood by the de-
fendant and Hogan, required secrecy between the parties, and
if the plaintiff persistently remained in the room after being
requested to retire, and for the purpose of interfering, then a
sufficient and proper amount of force might be used to remove
the plaintiff from the room where the sick person was, while
the sacrament was being administered."

The judge refused to instruct the jury as requested, for the reason, among others, that no justification had been set up in the defendant's answer.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. H. Sweetser*, for the defendant.

*G. A. Somerby*, for the plaintiff.

AMES, J. Under his general answer denying each and every averment of the plaintiff's declaration, the defendant only puts in issue the facts necessary to be proved by the plaintiff in order to make out a *primâ facie* case. *Davis* v. *Travis*, 98 Mass. 222. The justification set up by the defendant was therefore inadmissible by the terms of the practice act. Gen. Sts. *c.* 129, § 17. *Levi* v. *Brooks*, 121 Mass. 501. But, independently of any question of pleading, the supposed justification is insufficient.

It appears from the bill of exceptions that the plaintiff's husband was the keeper of the almshouse, and that she was in charge of it at the time of the difficulty. She was rightfully in the room at the time it happened, and the defendant was a mere visitor. Whether it would have been reasonable and proper, under the circumstances, for the plaintiff to leave the room on being requested, is a question which is not for us to decide, and upon which we need express no opinion. There was nothing however in the priestly character of the defendant, or in the offices of religion which he was about to perform, that gave him the control of the room, or any legal authority to exclude or remove from it by force any person lawfully there. The case presented to us raises no question except as to the strict legal rights of the parties; and we are bound to say that the facts relied upon by the defendant in justification of his conduct do not, as a matter of law, furnish any defence. *Exceptions overruled.*