WINTER v. THE CENTRAL IOWA RAILWAY COMPANY.

1. **Evidence:** ADMISSION OF: ERROR WITHOUT PREJUDICE. The erroneous admission of evidence whose only tendency is to establish a fact otherwise fully established, is without prejudice, and no ground for reversal.

2. **Personal Injury:** EXTENT OF: EVIDENCE: OPINION. In an action for damages for a personal injury, it was competent to ask a witness, who had known the plaintiff both before and after the injury, the following question: "What, if anything, did you see in his (plaintiff's) appearance since the accident,—that he was able to work as before, or otherwise?" (Compare *State v. Shelton*, 64 Iowa, 333.)

3. ——: ——: ——: STATEMENTS OF PLAINTIFF SUBSEQUENT TO INJURY. In such action, the plaintiff cannot be permitted to prove his own statements as to the extent of his injuries, made long after the accident.

4. ——: DAMAGES: LOSS OF TIME: INSTRUCTIONS WITHOUT EVIDENCE. In such case, it is error to instruct the jury that if they found that plaintiff was, by his injuries prevented from pursuing his usual business and vocation, he would be entitled to recover reasonable compensation for such loss, when there was no evidence as to the value of his time or services.

*Appeal from Cerro Gordo District Court.*—HON. G. W. RUDDICK, Judge.

FILED, MAY 15, 1888.

ACTION for the recovery of damages for a personal injury sustained by plaintiff, as he alleges, while traveling as a passenger on one of defendant's trains, and caused, as he charges, by the negligence of its servants in charge of the train. Verdict and judgment for plaintiff, and defendant appeals.

*Anthony C. Daly*, for appellant.

*Sherwin & Schermerhorn* and *H. C. Hemenway*, for appellee.

REED, J.—Plaintiff, at the time of the accident in question, was riding as a passenger in the caboose attached to a freight train. While the train was in motion a coupling broke, and the caboose, and the other cars which were detached, came to a stand-still. The engine and balance of the train had proceeded about two miles when the engineer discovered what had happened. He immediately stopped the train, and commenced backing it towards the standing cars, for the purpose of coupling to them. For some reason, however, he did not have the engine well under control, and when the train struck the standing cars it was moving at quite a high rate of speed. The effect of the collision, as plaintiff claims, was to throw him a distance of eight or ten feet against the conductor's desk, and with such force as to greatly injure his right shoulder. The evidence leaves no doubt that he sustained some degree of injury in the accident, but the extent of his injuries was a disputed question in the case.

I. On the trial plaintiff was permitted, against defendant's objection, to introduce evidence tending to prove certain statements of the conductor and a brakeman employed on the train with reference to the cause of the accident, and the rate of speed at which the engine and cars were running at the time of the collision, and shortly before that. The statements were made soon after the accident

1. EVIDENCE: admission of: error without prejudice.

occurred. It may be conceded that these statements were not admissible. They related, however, to matters concerning which there was no controversy upon the trial. The evidence showed without conflict that the engine and train were moving at a dangerous and unusual rate of speed at the time of the collision ; so that defendant could not be prejudiced by the admission of the statements, and the ruling affords it no just ground of exception.

II. A witness, who testified that he had known plaintiff for a number of years, and that he had worked with him both before and after the accident, was asked the following question, to which defendant's counsel objected, but the objection was overruled : "What, if anything, did you see in his appearance since the accident,—that he was able to work as before, or otherwise ?" The question called for the opinion of the witness, founded on his observation as to the physical condition of plaintiff after the accident. Under the settled rule on the subject, the question was competent. See Lawson, Exp. Ev., Rule 64 ; *State v. Shelton*, 64 Iowa, 333.

2. Personal injury: extent of: evidence: opinion.

III. Plaintiff was permitted, against defendant's objection, to introduce evidence of certain statements made by himself long after the accident. The statements were to the effect that he suffered pain from the injury, and that, owing to his injuries, he was not able to perform certain kinds of work. The ruling is erroneous. As stated above, the principal question in controversy between the parties was as to the extent and permanency of plaintiff's injuries. Very clearly a party is not entitled to introduce his own statements and declarations in proof of the very matter in issue when they are not themselves the subject of the action. *Chapin v. Marlborough*, 9 Gray, 244 ; *Morissey v. Ingham*, 111 Mass. 63 ; 2 Whart. Ev. secs. 1100, 1101.

3. ——: ——: ——: statements of plaintiff subsequent to injury.

IV. Plaintiff introduced evidence tending to prove that he was disabled by his injuries for several months.

**4. ——: damages : loss of time : instructions without evidence.** He also proved his business or vocation. But there was no evidence as to the value of his time or services. The court instructed the jury that if they found him entitled to recover, and further found that "he was by the injuries prevented from pursuing his usual business and vocation, he will be entitled to recover reasonable compensation for such loss." The value of time or services, being susceptible of proof, should not be left to the jury, to be determined at their discretion, or upon their own judgment, but the party seeking to recover therefor should be required to establish his claim by competent evidence. It is true that it is very largely a question of opinion, but it should be determined upon the testimony of witnesses who are found to be competent to express an opinion upon the subject. The uniform holding of this court has been that it is judicial error to submit such questions to the jury, when there is no evidence from which it can be determined. *Reed v. Chicago, R. I. & P. Ry. Co.*, 57 Iowa, 23; *Stafford v. City of Oskaloosa*, 57 Iowa, 748; *White v. Spangler*, 68 Iowa, 222; *Gardner v. Burlington, C. R. & N. Ry. Co.*, 68 Iowa, 558; *Nichols v. Dubuque & D. Ry. Co.*, 68 Iowa, 732.

It is insisted that the verdict in its amount was the result of passion and prejudice, but, as we must reverse the judgment on the grounds pointed out, we will not consider that question. We also deem it unnecessary to consider a number of other questions which relate merely to the conduct of the trial, as they will probably not arise on the retrial of the cause.

REVERSED.