HENRY B. HATHAWAY *vs.* GEORGE H. HATCHARD.

Plymouth.　October 17, 1893. — January 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Assault and Battery — Justification — Burden of Proof — Answer — Instructions.*

In an action of tort for assault and battery, evidence of justification is inadmissible under an answer consisting only of a general denial.

TORT, for an assault and battery. At the trial in the Superior Court, before *Braley,* J., the jury returned a verdict against the defendant, who alleged exceptions. The facts appear in the opinion.

*C. E. Washburn,* for the defendant.

*J. F. Simmons,* for the plaintiff.

LATHROP, J.  This is an action for an assault and battery. The defendant's answer is merely a general denial.  The plaintiff put in evidence tending to show that the assault upon him was committed without any provocation on his part.  The defendant's evidence tended to show that, while he was engaged in an altercation with a third person, the plaintiff approached him from behind with a club ; that, his attention being called to this by one McDonald, he turned and discovered the plaintiff with the club raised in his hands in the act of striking at the defendant; that the defendant put up his hands and caught the club as it descended, and thereupon a struggle ensued between the plaintiff and the defendant for the possession of the club, and while the struggle continued, and while both had hold of the club, the plaintiff was hit on the side of the head and injured.

On direct examination the defendant testified: " I turned around and saw the plaintiff with this club in his hand, and he made a clip at me behind me, and as the club came down I caught it in my two hands.  I made a grab for the club, intending to hold on to it.  I shoved the club on to him, and struck him over the side of the head, and knocked him down." On cross-examination, the defendant admitted that, while both the parties had hold of the club, the plaintiff was hit and knocked down by the club.

On this state of the evidence, the defendant asked the presiding justice to rule, in substance, as follows:—"If the jury find that the plaintiff was coming toward the defendant in such a manner as to lead the defendant reasonably to believe that the plaintiff intended to strike him, then the defendant was justified in defending himself, and in seizing the club and tearing it from him; and if the plaintiff was at that time injured he cannot recover." The justice refused to give this instruction, on the ground that the defence stated in the request was not open under the answer, instructed the jury that the plaintiff was not bound to prove that the act was not unjustifiable, and directed the jury to return a verdict against the defendant, leaving to them the question of the amount of damages, and giving them instructions as to the measure of damages.

Both of these rulings were right.  The burden of proof was on the defendant to establish a justification.  *St. John* v. *Eastern*

*Railroad*, 1 Allen, 544. *Blake* v. *Damon*, 103 Mass. 199. The defendant sought to show that he was justified in what he did. This defence was not open under a general denial. *Snow* v. *Chatfield*, 11 Gray, 12. *Levi* v. *Brooks*, 121 Mass. 501. *Cooper* v. *McKenna*, 124 Mass. 284.

The fallacy in the defendant's argument, that a wrongful intent must be shown, that the evidence showed that the assault was accidental, and that the case falls within *Brown* v. *Kendall*, 6 Cush. 292, 296, is in assuming that there was no assault until the plaintiff was actually struck ; but the assault began when the defendant seized the plaintiff's club. This was an intentional act, and, unless the defendant was justified in what he did, he committed a wrongful act.

*Exceptions overruled.*