SARAH M. PIERCE *et al.*, Appellants, v. A. B. CARPEN-
TER, Respondent.

**St. Louis Court of Appeals, February 4, 1896.**

Pleading: EXEMPLARY DAMAGES. Exemplary damages for an assault
may be recovered, at common law, under the mere allegation that
the assault was unlawfully made.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED (*with directions*).

*Edmond A. B. Garesche* for appellants.

It was not necessary to plead the matters of aggra-
vation.  The allegation that the assault was unlawfully
made entitled the appellant to the award of exemplary
or punitive damages, if the evidence justified it, and
for this reason the instruction offered by appellant and
given by the court did not enlarge the issues, but, on
the contrary, was fully justified by the pleadings and
the evidence introduced without objection under them.
1 Chitty, Pleading, 428; Whittlesey's Missouri Prac-
tice, sec. 127; 1 McQuillin's Pleading and Practice,
sec. 322; *Daily v. Houston*, 58 Mo. 361; *Howard v. Lil-
lard*, 17 Mo. App. 228.

*McDonald & Howe* and *R. L. Mudd* for respondent.

BIGGS, J.—This is an action for damages by Sarah
M. Pierce, in which her husband joins.  In her amended
petition she charges "that on the second day of August,
A. D. 1892, defendant, without just cause or provoca-
tion, willfully, wrongfully and *unlawfully*, assaulted,

beat and wounded the plaintiff, Sarah M. Pierce, and made her suffer great pain and anguish both in body and mind; that, by reason of the premises, plaintiffs have been damaged in the sum of five thousand dollars," etc. On the trial of the cause the plaintiffs' evidence tended to prove that on the day mentioned the defendant forcibly kissed Mrs. Pierce, and at the same time made an indecent assault upon her person with intent to defile her. At the instance of the plaintiffs the circuit court instructed the jury that, if the assault was made wantonly, willfully, and wrongfully, exemplary damages might be allowed. The jury returned a verdict for plaintiffs, assessing the damages at $2,500. The defendant's motion for a new trial was sustained, upon the ground that under the pleadings only nominal damages could be recovered. The plaintiffs have appealed from the order granting the new trial, and they insist that under the pleadings it was competent for the plaintiffs to show, and for the jury to consider, for the purpose of allowing exemplary damages, the insulting character of defendant's conduct.

From the written memorandum filed by the trial judge he was of the opinion that evidence of aggravating circumstances—that is, the indecent character of the assault—should not have been admitted under the pleadings, and that, consequently, the plaintiffs' instruction authorizing the assessment of exemplary damages was unwarranted. This, we think, is a mistake. It is an established rule of pleading at common law, and one which has received the sanction of courts of this state, that matters of aggravation do not constitute a part of the cause of action. Whittlesey's Missouri Practice, sec. 127; McQuillin's Pleading and Practice, sec. 322. Under this rule it has been held, in actions like we have here, that such matter need not be pleaded, but may be given in evidence where it is

averred that the assault was *unlawfully* made. *Howard v. Lillard*, 17 Mo. App. 228; *Dailey v. Houston*, 58 Mo. 361; *Goetz v. Ambs*, 27 Mo. 28. And this is the rule in other jurisdictions. *Wilkinson v. Drew*, 75 Me. 360; 1 Sutherland on Damages, p. 846; Greenleaf on Evidence, sec. 89.

As to the other grounds of the motion for new trial, an examination of the record convinces us that none of them are well taken. Therefore, the judgment of the circuit court granting the defendant a new trial will be set aside, and the cause remanded with instructions to the circuit court to reinstate the judgment. All the judges concur.