[Civil No. 1008.   Filed March 27, 1908.]

[94 Pac. 1094.]

L. J. F. IAEGAR, Defendant and Appellant, v. ISAAC METCALF, Plaintiff and Appellee.

1. DAMAGES — HOW   ASSESSED — BASIS — PERSONAL   INJURIES.—The general rule as to the award of damages for personal injuries is as follows: Where, from the nature of the damages, these are not susceptible of definite proof, they must be left to the sound judgment and discretion of the jury; but where the damages from their nature are susceptible of definite proof, the jury is restricted to such proof in ascertaining the amount thereof.

2. SAME—SAME—SAME.—In a broad sense, it is never true that a jury may estimate damages without regard to the evidence. Even where the jury is permitted to exercise judgment and discretion as to

the amount, such judgment and discretion must be based upon facts and circumstances proven in the case.

3. ASSAULT AND BATTERY—DAMAGES—INSTRUCTIONS TO JURY.—It was error for the court to instruct the jury, upon the trial of an action for assault and battery, that in estimating damages they had the right to consider bodily and mental pain, loss of time, and diminished capacity for labor, resulting directly from defendant's wrongful acts, if the evidence shows the circumstances to exist, and also "that it is not necessary that the amount of the damages resulting from personal injuries should be proven by witnesses, but is to be determined by you from your own general knowledge and experience"; inasmuch as the quoted portion of the instructions above, while applicable to the bodily and mental pain, was inapplicable to the other elements of the damage mentioned.

4. APPEAL AND ERROR—REVIEW—PREJUDICIAL ERROR—INSTRUCTIONS.— An instruction that the jury may award damages for injuries susceptible of definite proof, as well as for those which are not in accordance with their general knowledge and experience, being erroneous in part, cannot be said to be harmless, as there is no means of knowing from the verdict whether the jury did or did not allow anything for the injuries susceptible of definite proof, and the instruction contained the only statement of law with regard to the measure of compensatory damages which might be allowed.

5. DAMAGES—EXEMPLARY—GROUNDS.—At common law, what are called exemplary, punitive or vindictive damages, where the injury has been wanton, malicious, gross or outrageous, may be awarded by the jury.

6. SAME — SAME — PLEADING — COMPLAINT — SUFFICIENCY.—The facts which would justify an award of exemplary damages must be pleaded in the complaint, either expressly or by necessary implication, and averment of actual damages, without charging that the injury was wanton, malicious, gross or outrageous, is an insufficient pleading to sustain an award of exemplary damages.

7. ASSAULT AND BATTERY—DAMAGES—EXEMPLARY—COMPLAINT—SUFFICIENCY.—Where a complaint charges that while plaintiff was engaged in the performance of his duty as cook, and without cause or provocation, the defendant attacked plaintiff, and struck him in the eye with false knuckles, causing the loss of one of the plaintiff's eyes and otherwise seriously injuring him, there is a sufficient charge of a wanton and malicious assault to permit the jury to award exemplary damages, as it is the rule that one is presumed to intend the natural and probable consequences of his act.

8. ASSAULT AND BATTERY—SELF-DEFENSE MUST BE PLEADED.—If a defendant desires to set up a defense of self-defense in an action for assault and battery, such justification must be pleaded as a special defense, since a general denial is insufficient to admit evidence or

to warrant the issue of self-defense being raised in any way as a justification for the assault.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima.   John H. Campbell, Judge.   Reversed.

The facts are stated in the opinion.

Frank H. Hereford, for Appellant.

Actual damages in dollars and cents, or some equivalent of one of them, must be proven by the evidence in the case.   The instruction was erroneous in not confining the jury to the evidence in consideration.   *Cleveland etc. Ry. Co.* v. *Jenkins,* 174 Ill. 398, 66 Am. St. Rep. 296, 51 N. E. 811, ·62 L. R. A. 922; *City of Freeport* v. *Isbell,* 83 Ill. 440, 25 Am. Rep. 407; *Reed* v. *Chicago etc. R. Co.,* 57 Iowa, 23, 10 N. W. 285; *South Covington & C. St. Ry. Co.* v. *Core,* 29 Ky. Law Rep. 836, 96 S. W. 562; *San Antonio etc. Ry. Co.* v. *Robinson,* 73 Tex. 277, 11 S. W. 327.   ''In a Texas case, an instruction on all-fours with the one under consideration, and couched in almost the same language, was given and held to be erroneous.   *Gulf etc. Ry. Co.* v. *Greenlee,* 62 Tex. 351; *International etc. Ry. Co.* v. *Simcock,* 81 Tex. 504, 17 S. W. 47; *Houston etc. Ry. Co.* v. *Richards,* 20 Tex. Civ. App. 203, 49 S. W. 687; *Gardner* v. *Burlington etc. R. Co.,* 68 Iowa, 588, 27 N. W. 768; *Gulf etc. Ry. Co.* v. *Greenlee,* 62 Tex. 344, *supra.*   The instruction is erroneous for other reasons, such as the portion thereof which charges the jury that they ''have a right to consider . . . loss of time, if any, caused by the assault, if any, and his diminished capacity for labor, if any,'' no evidence being given to sustain said instruction.   *Texas etc. Ry. Co.* v. *Curry,* 64 Tex. 87; *Galveston etc. Ry. Co.* v. *Arispe,* 81 Tex. 517, 17 S. W. 47; *Reed* v. *Chicago etc. R. Co., supra; Texas & P. Ry. Co.* v. *Bigham* (Tex. Civ. App.), 30 S. W. 254; *Gulf etc. Ry. Co.* v. *Sparger,* 11 Tex. Civ. App. 82, 32 S. W. 49; *San Antonio etc. Ry. Co.* v. *Robinson, supra; Houston City Street Ry. Co.* v. *Richart* (Tex. Civ. App.), 27 S. W. 920; *South Covington etc. Ry. Co.* v. *Nelson,* 28 Ky. Law Rep. 287, 89 S. W. 200; *Gardner* v. *Burlington etc. R. Co.,* 68 Iowa, 588, 27 N. W. 768.   ''A wrong that sounds in exemplary damages is where some right of person or property has been invaded with malice, violence or wantonness, or with reckless disre-

gard of social, civil obligations, and to recover such damages plaintiff must allege the elements of such wrong and the testimony must be confined to such allegations." Voorhees on Measure of Damages, par. 185, p. 348, and authorities cited; *Sullivan* v. *Oregon R. & N. Co.*, 12 Or. 392, 53 Am. Rep. 364, 7 Pac. 508 (see p. 517); 5 Ency. of Pl. & Pr., pp. 723, 724; *International etc. Ry. Co.* v. *Garcia*, 70 Tex. 207, 7 S. W. 802. In the complaint in this case, none of the elements constituting punitive or exemplary damages as defined in the instruction were charged. "To entitle a plaintiff to exemplary damages, he must not only prove the elements that enter in to make up this cause of action, but he must, in the first place, in his complaint set up distinctly the elements that make up his cause of action. Any other course is subversive to the rules of pleading." *Samuels* v. *Richmond & D. R. Co.*, 35 S. C. 493, 28 Am. St. Rep. 883, 14 S. E. 943; *Spellman* v. *Richmond & D. R. Co.*, 35 S. C. 475, 28 Am. St. Rep. 858, 14 S. E. 947.

Worsley & Drachman, for Appellee.

No specific form of agreement is required in a pleading, where the plaintiff seeks to recover punitive damages. 13 Cyc. 180, and cases cited; 5 Ency. of Pl. & Pr. 724. "One who claims damages resulting from a wrongful act must prove the amount with reasonable certainty, and not leave it to be guessed by the jury. But the law never requires a vain or impossible thing, and that rule must fall if such damages are insusceptible of definite proof. Naturally, therefore, in cases of this nature, experience has shown that it is utterly impossible to fix any very precise rules to guide the jury beyond such cautions as guard them against passion and prejudice." The court was correct in instructing the jury to determine the damages from their own general knowledge and experience. *Knittel* v. *Schmidt,* 16 Tex. Civ. App. 7, 40 S. W. 508; Blackfield on Instructions to Juries, 12-430; *Little* v. *Single,* 26 Ind. 168; *Wedekind* v. *Southern Pac. Co.*, 20 Nev. 301, 21 Pac. 682; *Bennett* v. *New York Central etc. R. R. Co.*, 69 N. Y. 596, 25 Am. Rep. 250; *Welch* v. *Ware,* 32 Mich. 78; *Davis* v. *Central R. R. Co.*, 60 Ga. 329; *Wheaton* v. *North Beach etc. R. R. Co.*, 36 Cal. 590; *Walker* v. *Erie Ry. Co.*, 63 Barb. (N. Y.) 260; *Alabama etc. R. Co.* v. *Burgess,* 119 Ala. 555, 72 Am. St. Rep. 943, 25 South. 254; *Howland* v. *Oakland etc. Ry. Co.*, 110 Cal. 513, 42 Pac. 983; *Oglesby* v. *Missouri Pac.*

*Ry. Co.,* 150 Mo. 137, 37 S. W. 829, 51 S. W. 758; *Sturgeon* v. *Sturgeon,* 4 Ind. App. 232, 30 N. E. 806; *Norfolk etc. R. Co.* v. *Shott,* 92 Va. 34, 22 S. E. 811. As, in cases of personal injury, there can be no very precise rules for the guidance of juries in the assessment of damages, the amount thereof is, of necessity, left to their good sense and sound discretion. 13 Cyc. 136, and cases cited; *Howland* v. *Oakland Con. St. Ry. Co.,* 110 Cal. 513, 42 Pac. 983; *City of Panama* v. *Phelps,* 101 U. S. 453, 25 L. Ed. 1061; *Hallack* v. *Johnson,* 12 Colo. 244, 20 Pac. 700; *Louisville Ry. Co.* v. *Minogue,* 90 Ky. 369, 29 Am. St. Rep. 378, 14 S. W. 357; 63 Barb. (N. Y.) *supra;* 32 Mich. *supra.* The doctrine last above stated has additional and almost inestimable force if, as here, the case calls for the allowance of punitive, as well as exemplary, damages. *Alabama etc. R. Co.* v. *Burgess,* 119 Ala. 555, 72 Am. St. Rep. 943, 25 South. 251; *Louisville South. R. Co.* v. *Minogue,* 90 Ky. 369, 29 Am. St. Rep. 378, 14 S. W. 357; *Newport etc. Co.* v. *Dentzel,* 91 Ky. 42, 14 S. W. 958; *Wheaton* v. *North Beach etc. R. R. Co.,* 36 Cal. 590. The right of the jury to exercise a discretion in this class of cases is recognized. ''Every verdict of this nature must be treated as prima facie the result of honest, unprejudiced judgment, and the burden is upon him who asserts otherwise.'' *Louisville South. R. Co.* v. *Minogue,* 90 Ky. 369, 29 Am. St. Rep. 378, 14 S. W. 357; *Oglesby* v. *Missouri P. R. Co.,* 150 Mo. 137, 37 S. W. 831, 51 S. W. 758; *Smith* v. *Pittsburgh etc. Ry. Co.,* 90 Fed. 783; *Louisville Ry. Co.* v. *Minogue,* 90 Ky. 369, 29 Am. St. Rep. 378, 14 S. W. 358; *Welch* v. *Ware,* 32 Mich. 78; *Sturgeon* v. *Sturgeon,* 4 Ind. App. 232, 30 N. E. 806; *Norfolk etc. R. Co.* v. *Shott,* 92 Va. 34, 22 S. E. 811; *Howland* v. *Oakland S. Ry. Co.,* 110 Cal. 513, 42 Pac. 983-986. ''The verdict must be such as to indicate *per se* passion or prejudice.'' *Howland* v. *Oakland Con. St. Ry. Co.,* 110 Cal. 513, 42 Pac. 983, 986; 3 Cyc. 1110, and cases cited. Where plaintiff's sight has been permanently impaired, the verdict will be considered as compensation rather than excessive. *Texas & Pac. Ry. Co.* v. *Bowlin* (Tex. Civ. App.), 32 S. W. 918; *Crowell* v. *State,* 24 Tex. App. 404, 6 S. W. 319; *Shaw* v. *Chicago etc. Ry. Co.,* 123 Mich. 629, 81 Am. St. Rep. 230, 82 N. W. 618, 49 L. R. A. 308; 12 Cyc. 130, and cases cited. Where instruction is complained of, the entire evidence must be set out before the supreme court will pass upon whether evidence was sufficient to support instruction. *Curtis* v. *Boguillas L. & C. Co.,*

8 Ariz. 258, 71 Pac. 924. Evidence that plaintiff lost two months' time and labor and the loss of an eye sufficient to support the instruction. *Texas & Pac. Ry. Co.* v. *Bowlin* (Tex. Civ. App.), 32 S. W. 918; *Chicago etc. R. R. Co.* v. *Warner,* 108 Ill. 538; *Fisher* v. *Jansen,* 128 Ill. 549, 21 N. E. 598. "If the appellant feared that the jury might be misled by it to an unrestrained and capricious assessment, it immediately became his duty to request a more explicit and explanatory instruction." In the absence of such request, he would not be heard to complain. *Alabama etc. R. Co.* v. *Burgess,* 119 Ala. 555, 72 Am. St. Rep. 943, 25 South. 254; *Gulf etc. Ry. Co.* v. *Harmonson* (Tex. Civ. App.), 22 S. W. 764; *Galveston Oil Co.* v. *Malin,* 60 Tex. 645; *Browning* v. *Wabash W. R. R. Co.,* 124 Mo. 55, 27 S. W. 644; *Willey* v. *Norfolk Southern R. Co.,* 96 N. C. 408, 1 S. E. 446. Where an instruction is erroneous, and the evidence fully sustained the verdict, the doctrine of harmless error is applied. *Evans* v. *Merritt,* 62 Ark. 228, 35 S. W. 212; *Liberty Ins. Co.* v. *Ehrlich,* 42 Neb. 553, 60 N. W. 940; *Ariz. L. & R. Co.* v. *Mooney,* 4 Ariz. 96, 33 Pac. 590; *Keeler* v. *Herr,* 157 Ill. 57, 41 N. E. 750; *Mode* v. *Beasley,* 143 Ind. 306, 42 N. E. 727; Rev. Stats. Ariz., par. 1293; *Perkins* v. *Marrs,* 15 Colo. 262, 25 Pac. 168; *Hobson* v. *New Mexico & A. R. Co.,* 2 Ariz. 171, 11 Pac. 545; *Boltz* v. *Town of Sullivan,* 101 Wis. 608, 77 N. W. 872. "Under a general denial, evidence is inadmissible to prove justification of the assault. Such evidence is admissible only in mitigation of damages, and was admitted for such purpose only in this case." 2 Ency. of Pl. & Pr. 862; 3 Cyc. 1084; *Watson* v. *Hastings,* 1 Penne. (Del.) 47, 39 Atl. 587.

SLOAN, J.—The complaint in this action charges that the plaintiff, Metcalf, during the year 1906, worked for defendant, Iaeger, as cook in the latter's hotel in the city of Tucson, and further, quoting the language of the complaint, "that on or about July 10, 1906, while the plaintiff was engaged in the performance of his duties as cook under said contract, and without cause or provocation, the defendant made an attack upon the plaintiff, striking the plaintiff in the eye with false knuckles, knocking him down, and otherwise beating and bruising this plaintiff, causing the loss of one of the plaintiff's eyes, and causing him to suffer great physical pain and anguish, and further causing him the loss of two months' time, and causing him to incur liabilities for medical attend-

ance in the sum of $200, in the effort to save the said eye." The complaint alleges that as a result of the assault plaintiff suffered general damages in the sum of $15,000, and prays judgment for that amount. The answer of the defendant consists of a general demurrer and a general denial. The cause was tried to a jury, which returned a verdict awarding plaintiff, Metcalf, the sum of $1,537.50. The court entered judgment in favor of Metcalf and against Iaeger in accordance with the verdict. Thereupon Iaeger moved for a new trial, which was denied. From the order overruling the motion and from the judgment, Iaeger has appealed.

The assignments of error relate to instructions given, and to certain instructions requested by appellant and refused by the trial court.

Counsel for appellant complains of the following instruction: "The court instructs the jury that, if you find for the plaintiff under the instructions heretofore given you, you will allow such damages as seem to you to be right and proper under all of the facts and circumstances in evidence. In estimating the damages you have a right to consider bodily and mental pain, if any, loss of time, if any, caused by the assault, if any, and his diminished capacity for labor, if any, resulting directly from defendant's wrongful acts, if the evidence shows these circumstances to exist. You may also take into consideration the surgical bills, if any, which the plaintiff has incurred. It is not necessary that the amount of damages resulting from personal injuries should be proven by witnesses, but it is to be determined by you from your own general knowledge and experience. The damages spoken of are known as 'actual damages.' " In its application to bodily and mental pain the instruction was unquestionably sound As said by the supreme court of the United States in the case of the *City of Panama*, 101 U. S. 464, 25 L. Ed. 1061: "When the suit is brought by the party for personal injuries, there cannot be any fixed measure of compensation for the pain and anguish of body and mind, nor for the permanent injury to health and constitution; but the result must be left to turn mainly upon the good sense and good judgment of the tribunal assigned by law to ascertain what is a just compensation for the injuries inflicted." The general rule as to the award of damages for personal injuries by the jury may be stated in this way: Where, from the nature of the damages, these are

XI Ariz.—19

not susceptible of definite proof, they must be left to the sound judgment and discretion of the jury; but where the damages from their nature are susceptible of definite proof, the jury is restricted to such proof in ascertaining the amount thereof. Thus it has been held that, where the damages claimed are based upon loss of time in plaintiff's employment, he must establish by competent evidence the value of such time or facts from which such value may be estimated with reasonable accuracy. *Staal* v. *Grand St. etc. R. R. Co.,* 107 N. Y. 625, 13 N. E. 624; *Winter* v. *Central Iowa R. Co.,* 74 Iowa, 448, 38 N. W. 154. Such elements of damages as physician's, surgeon's, and nurse's bills and hospital expenditures occasioned by the injury, being susceptible of proof, must be estimated and allowed only when these may be ascertained by the jury with reasonable accuracy from the evidence. *Bowsher* v. *Chicago etc. R. R. Co.,* 113 Iowa, 16, 84 N. W. 958; *Brown* v. *White,* 202 Pa. 297, 51 Atl. 962, 58 L. R. A. 321. In a broad sense it is never true that a jury may estimate damages without regard to the evidence. Even where the jury is permitted to exercise judgment and discretion as to the amount, such judgment and discretion must be based upon facts and circumstances proven in the case. The jury were properly directed in the instruction as to the several elements of damage which they might consider, but it is nowhere specifically pointed out that they were to be guided by the proof as to the amount they might award for such damages as loss of time and surgeon's bills to that shown by the evidence the plaintiff to have suffered. We think, therefore, the plain import of the instruction is that it lay in their sound discretion to award damages in any sum within the amount sued for which they might determine from their general knowledge and experience was suffered by the plaintiff, and that this discretion might be exercised in ascertaining the amount which should be awarded plaintiff as to any element of damage specified in the instruction.

We are aware that the precise instruction complained of has been approved by the court of civil appeals of the state of Texas in *Knittel* v. *Schmidt,* 16 Tex. Civ. App. 7, 40 S. W. 508. The holding in this case, however, does not comport with other decisions by the same court. *Gulf etc. R. R. Co.* v. *Greenlee,* 62 Tex. 351; *International etc. Ry. Co.* v. *Simcock,* 81 Tex. 504, 17 S. W. 47; *Houston etc. Ry. Co.* v. *Richards,* 20 Tex. Civ. App. 203, 49 S. W. 687. It was held in

*Texas etc. R. R. Co.* v. *Curry,* 64 Tex. 87, that it was error to instruct the jury in estimating the damages to consider the time lost by the plaintiff by reason of his injuries, in the absence of any evidence, except such as was vague and indefinite, showing such loss of time and the value thereof. We think that the instruction complained of contained error in stating that it was unnecessary that the amount of damages resulting from personal injuries should be proven by witnesses without qualifying this general rule by limiting it in its application to bodily and mental pain, which the plaintiff may have suffered, and that it is an incomplete statement of the law in failing to distinguish between those elements of damage which must be left to the sound judgment and discretion of the jury, and those, such as loss of time and surgeon's bills, which must be definitely proven and found with reasonable certainty from the evidence in the case. We cannot say that the instruction was harmless, as suggested by counsel for appellee. There is no evidence in the record as to any loss of time further than that the severity of the injury might be reasonably supposed to have occasioned such loss, and no evidence of the value of such time. We have no means of knowing, from the verdict, whether the jury did or did not allow anything for loss of time, nor whether they were guided by the evidence in ascertaining and allowing, as part of the recovery, the amount under the claim made for surgical expenses, as testified to as having been incurred. As the instruction complained of contained the only statement of the law with regard to the measure of compensatory damages which might be allowed, we think the instruction contained reversible error.

In an instruction properly worded and, considered apart from the pleadings, not subject to criticism, the court told the jury that, if they found "that if the injury inflicted by the defendant was wanton, malicious, and committed in reckless and willful disregard of the rights of plaintiff," exemplary damages might be allowed in case the compensatory damages returned might not be sufficient in the judgment of the jury "to punish the defendant and serve as a warning to others." This instruction is complained of upon the ground that the complaint did not set forth the facts which would authorize an award of exemplary damages. It was held in *Day* v. *Woodworth,* 13 How. (U. S.) 363, 14 L. Ed. 181, that at common law what are called exemplary, punitive, or vindictive damages, where the injury has been wanton, malicious, gross, or

outrageous, may be awarded by the jury. See, also, *Philadelphia etc. R. R. Co.* v. *Quigley,* 21 How. (U. S.) 202, 16 L. Ed. 73; *Barry* v. *Edmunds,* 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729. The facts which will justify an award of exemplary damages must, however, be pleaded in the complaint, either expressly or by necessary implication. Averments of actual damage, without charging that the injury was wanton, malicious, gross, or outrageous, is an insufficient pleading to sustain an award of exemplary damages. *Houston etc. R. R. Co.* v. *Baker,* 57 Tex. 424; *Samuels* v. *Richmond & D. R. Co.,* 35 S. C. 493, 28 Am. St. Rep. 883, 14 S. E. 943; *Sullivan* v. *Oregon R. & N. Co.,* 12 Or. 392, 53 Am. Rep. 364, 7 Pac. 508. The rule thus announced that exemplary damages will not be awarded unless sustained by proper averments in the complaint is not universal, but we think comports with what is said by the supreme court of the United States in the case of *Barry* v. *Edmunds, supra.* The propriety, therefore, of the instruction as to exemplary or punitive damages, depends upon whether the complaint makes out a case by express terms or necessary implication which would warrant such damages. If it shows the assault to have been wanton and malicious, or aggravated by deliberate violence, we think it is sufficient in that regard. *Scott* v. *Donald,* 165 U. S. 58, 17 Sup. Ct. 265, 41 L. Ed. 632. Bearing this rule in mind, the question is presented, Does a complaint which charges the defendant with having made an attack upon the plaintiff without cause or provocation, and while the latter is occupied with his ordinary duties, and with having struck him in the eye with false knuckles, thereby inflicting a serious injury, sufficiently charge a wanton and malicious assault, and one characterized by deliberate violence? This question, we think, should be answered in the affirmative. To charge one with attacking another and striking him implies that the act was willful, and negatives the idea that it was the result of carelessness, or of accident, voidable or otherwise. When the charge be further made that a blow or blows were administered by means of an instrument or weapon calculated to inflict a great bodily injury, the intent to so injure is accentuated in the complaint. One is presumed to intend the natural and probable consequences of his act, and, if the act be shown to be intentional, in criminal law this presumption is a conclusive one. Therefore the language of the complaint, taken as a whole, implies that the defendant committed a willful

assault upon plaintiff without cause or provocation, and therefore without justification or excuse, and, because of the nature of the instrument used, with a deliberate design and purpose to inflict a serious bodily injury, and that he did actually inflict such injury. All the elements of wantonness, malice, and deliberate violence are therefore present, if not by express averment, yet by proper implication from the facts alleged. The complaint, therefore, is sufficient to sustain the award of exemplary damages, and the giving of this instruction was without error.

It is further assigned as error by the appellant that the court erred in refusing to charge the jury on the subject of self-defense as a justification of the assault, and to give an instruction covering that subject requested by counsel for appellant on the trial. The authorities are uniform that, in a case of this character, to entitle a defendant to an instruction on the subject of self-defense as a justification for an assault, such justification must be pleaded as a special defense; the rule being that a general denial is insufficient to admit evidence or to warrant the issue of self-defense being raised in any way as a justification for the assault. *Hathaway* v. *Hatchard,* 160 Mass. 296, 35 N. E. 857; *Blake* v. *Damon,* 103 Mass. 199; *Thomas* v. *Werremeyer,* 34 Mo. App. 665; *Boles* v. *Pinkerton,* 7 Dana (Ky.), 453.

For the error in the instruction first considered the judgment is reversed, and the cause remanded for a new trial.

KENT, C. J., and DOAN and NAVE, JJ., concur.