# SELLAND v. NELSON.

## (132 N. W. 220.)

**Trial — misleading instructions.**

1. Charge of the court on the question of damages for physical injuries and loss of time considered, and *held* that the same is misleading and prejudicial.

**Pleading — complaint for assault and battery.**

2. Complaint for damages for assault and battery considered, and *held* to have been drawn on the theory of compensatory damages only, and that malice could not necessarily be inferred or presumed from the acts therein charged.

**Pleading — to authorize punitive damages.**

3. Before a recovery of punitive or exemplary damages can be had in an action for damages for assault and battery, it is necessary that the complaint show on its face that the assault was a wilful and malicious act, so that, from the acts charged, malice must be necessarily presumed or inferred.

**Evidence — inference or presumption of malice.**

4. The mere doing of a wrongful or unlawful act will not of itself warrant or authorize the inference of malice, but malice may be inferred or presumed from the act itself if such act warrants such inference or presumption.

**Damages — punitive — allegation to support.**

5. Before punitive damages can be recovered, or before that question can rightfully be submitted to the jury, the complaint must be drawn on a theory that will necessarily include such damages by inference or presumption of law, unless actual malice is shown on the trial without objection.

Opinion filed June 5, 1911.

Appeal from District Court, Pierce county; *A. G. Burr,* J.

Action by Hilda Selland against Halvor Nelson. Judgment for plaintiff, and defendant appeals.

Reversed, and new trial ordered.

*Albert E. Coger* and *T. A. Toner,* for appellant.

*L. N. Torson* and *R. E. Wenzel,* for respondent.

KNEESHAW, Special Judge. This is an appeal from a judgment in favor of the plaintiff and respondent, in an action for damages for assault and battery, and from an order denying a motion for a new trial. In order to fully understand the errors assigned, it is necessary

to quote or set forth the complaint on which such action is based, which complaint is in substance as follows: "(1) That during the fall of 1905 she was in good health, mentally and physically. (2) That on or about the 1st day of October, 1905, the defendant violently assaulted the plaintiff, laid violent hands upon her, twisted and bruised her arm, and otherwise injured the plaintiff. (3) That the plaintiff was thereby disabled from attending to her business for three months thereafter; and was for a long time lamed and sick, and was compelled to pay $100 for medical attendance, to her damage in the sum of $100. (4) That the plaintiff was, owing to the wrongful acts of the defendant, unable to pursue her calling for a period of three months, to her damage of $100. (5) That owing to the injuries caused by the defendant, by the unlawful assault and battery heretofore mentioned, the plaintiff has suffered injuries to the amount of $500. Wherefore, the plaintiff demands judgment against the defendant for the sum of $500, and for the costs and disbursements of her action."

The answer of the defendant was a general denial. The jury brought in a verdict for $500, or the full amount claimed.

Defendant and appellant, in his specifications of error, sets up nine specifications or assignments of error, the first five specifications referring to the refusal to strike out certain evidence and the admission of evidence; and the sixth, seventh, and eighth, referring to alleged errors in the judge's charge, which were duly excepted to within the time provided by law; and the ninth being for an alleged error in the court's refusal to charge the jury as requested by the defendant in writing. For the reasons hereinafter stated the court deems it unnecessary to review or pass upon the first five assignments of error, and will therefore pass to the more important questions involved.

The court in its charge to the jury instructed them as follows: "In determining the amount which you will allow for physical suffering, you may take into consideration the fact that the doctor's bill amounted to over $200, if you find such to be the fact, for the purpose of determining the amount or degree of the injury, and in aiding you in arriving at the proper compensation. In other words, while the total amount of the doctor's bill might not be permissible because it has not been pleaded, but you may take it into consideration in aiding you in determining how much you will allow for physical suffering resulting

from such injury, if you find there was any, and also the loss of time that may have resulted, although there has been no proper measure of loss of time; yet at the same time if you find loss of time did result from the injury which she says she suffered from the defendant, you may take that into consideration, if you find that any injury did result."

There is no evidence in this case that the doctor's charge of $200 was a reasonable one, nor is there any allegation in the complaint that would authorize such proof, and it was clearly erroneous for the court to allow it and instruct the jury that they might take into consideration such charge of $200 for the purposes stated to the jury in the charge. In the second place, the latter portion of the charge indicates that the jury might take into consideration as an element of damages the loss of time suffered by the plaintiff by reason of the alleged injury, whereas it is conceded by the court in the charge itself that there was no proof in the case showing the value of such loss of time, and it is conceded in the case that there is no evidence showing the value of the alleged loss of time. The court in another portion of the charge told the jury that plaintiff could recover for such loss of time, and in another portion of the charge told them that plaintiff could not recover, and in the charge in question indicated to them that a recovery could be had. That portion of the charge as set forth in the sixth assignment of error was, therefore, clearly misleading, prejudicial, and erroneous.

The seventh assignment of error is that the court erred in charging the jury on the question of punitive or exemplary damages, and charging the jury that they could allow such damages. From a careful consideration of the complaint, it is evident that it was drawn on the theory of compensatory damages only. The only words used in charging the assault are that it was a "violent assault." While it is true that in the fourth and fifth paragraphs of the complaint the words "wrongful acts" and "unlawful assault and battery" are used, yet it is nowhere directly alleged in the complaint that the assault and battery was wrongful and unlawful.

But conceding that such allegations had been directly made or charged, it would not authorize a recovery for punitive damages. It nowhere appears in the complaint that the alleged assault and battery

was wilfully, wantonly, or maliciously done, and there is nothing in the allegations of the complaint from which malice could necessarily be inferred or presumed; and from a careful consideration of the evidence in the case there is no evidence in the record of actual malice or oppression.

The mere doing of a wrongful or unlawful act will not of itself warrant or authorize the inference of malice therefrom. Of course malice may be inferred or presumed from the act itself, if the act warrants such inference or presumption.

Before punitive damages can be recovered, or before that question can rightfully be submitted to the jury, the complaint must be drawn on a theory that will necessarily include such damages by inference or presumption of law, unless malice is shown on the trial without objection. And while it may not be necessary to use the word "malice" in the complaint before a recovery for punitive damages may be had, yet words of equal import must be used, and it must at least appear from the allegations of the complaint that the assault was a malicious one, and that from the acts charged it would necessarily follow that malice would be presumed or inferred.

Appellant in his brief has touched upon the alleged error of the court in refusing to allow an amendment to an affidavit to be made to be used on motion for a new trial on the ground of newly discovered evidence. On account of failure to set the same up in his specifications of error in his abstract, that question will not be considered by the court.

For the errors in instructions hereinbefore referred to and pointed out, the judgment and order appealed from are reversed and a new trial ordered.

MORGAN, Ch. J., not participating. W. J. KNEESHAW, Judge of the Seventh Judicial District, sat with the court by request upon the hearing of the above-entitled action.