## WILSON v. HALL*
(No. 1250; April 13, 1926; 244 Pac. 1002;)

DAMAGES—CIVIL ACTION FOR ASSAULT AND BATTERY—PLEADING—ACTUAL DAMAGES—PUNITIVE DAMAGES.

1. To recover punitive or exemplary damages, tort must have been committed maliciously, willfully, or by some form of wantonness.
2. Petition need not characterize 'assault and battery as unlawful, illegality being implied.
3. Petition for assault and battery need not allege plaintiff's freedom from fault or absence of justification for assault, which are merely matters of defense.
4. Petition, 'alleging violent assault and grievous blows upon head, struck with great force, that defendant jumped upon plaintiff and kicked him in the chest, abdomen, and

other parts of body, breaking three ribs, disabling and injuring him so that his life was despaired of, *held* to show such wantonness 'as to authorize evidence forming basis for punitive damages.

5.  $1,000 punitive damages in addition to $500 actual damages *held* not unauthorized for assault and battery upon man 63 years old, wherein defendant violently battered plaintiff's face and head, jumped upon him, kicked him in the chest, abdomen, and other parts of body, breaking three ribs and so injuring him that his life was despaired of, and causing enlarged spleen, especially 'as case appeared subject to criminal prosecution under Comp. St. 1920, § 7075, punishable by fine of $1,000.

6.  Finding of wanton assault and injury causing severe injuries and warranting punitive damages *held* sustained under evidence.

7.  Amount of punitive damages for assault and battery is largely within trial court's discretion.

*See Headnotes, (1) 5 C J p. 652 n. 62; p. 654 n. 78, 79; 17 C J. p. 983 n. 78; p. 1006 n. 2, 3. (2, 3) 5 C J p. 651 n. 49; p. 652 n. 59; p. 656 n. 11; p. 663 n. 27; 31 Cyc. p. 109 n. 87. (4) 5 C J p. 654 n. 79; p. 705 n. 40; p. 707 n. 48. (5-7) 5 C J p. 688 n. 9; p. 709 n. 75; p. 711 n. 76; 17 C J p. 994 n. 90.

APPEAL from District Court, Johnson County; HARRY P. ILSLEY, Judge.

Action by Ben Wilson against Roy B. Hall, for damages for injuries resulting from an assault and battery. There was judgment for plaintiff and defendant appeals.

*R. E. McNally,* and *F. M. Ward,* for appellant.

The judgment was for $500.00 as actual damages and $1,000.00 as exemplary damages; recovery for exemplary damages was not allowable under the pleadings nor sustained by the evidence; Selland v. Nelson, (N. D.) 132 N. W. 220; respondent was intoxicated and considered a dangerous man; at the time of the trouble, he was in an angry mood; he was a sheep herder and accustomed to use dangerous weapons; respondent's appearance at the trial was not entirely due to the altercation, but to protracted intoxication, the kick of a horse and injuries from barb

wire; this was shown by the evidence. As to the insufficiency of the petition see: Hirabelli v. Daniels, (Utah.) 121 Pac. 966; Rochester v. Co., (Kan.) 123 Pac. 729; Iaeger v. Metcalf, (Ariz.) 94 Pac. 1094; Cosgriff v. Miller (Wyo.) 68 Pac. 206; an act will not be deemed malicious, and so warranting punitive damages, merely because it is wrongful; 17 C. J. 984; our constitution prohibits excessive fines and unusual punishment; it is proper to consider the pecuniary circumstances of defendant where exemplary damages are claimed; Cosgriff v. Miller, supra; the judgment for compensatory damages is excessive and exemplary damages were unwarranted.

*Alvin T. Clark* and *Burt Griggs*, for respondent.

Respondent, as appears from the evidence, was 63 years of age and had been a sheep herder 36 years; he was not a dangerous man and had been employed by appellant for several years; there was no provocation for the assault which rendered him unconscious; his face was bruised and his nose broken, one rib was broken and two others cracked; he was suffering from an enlarged spleen; the suggestion of his injuries from barb wire, or falling out of a wagon, was unsupported by the evidence. It was unnecessary to allege malice; the authorities cited by appellant as to insufficiency of the petition, are not convincing; no exceptions to the petition were taken, prior to trial; a recovery of the exemplary damages was justified; Williams v. Campbell, 22 Wyo. 1; Cosgriff v. Miller, 68 Pac. 206; it is not necessary to plead exemplary damages separately; Stark v. Epler, (Ore.) 117 Pac. 276; Flynn v. Hollenback (Kan.) 173 Pac. 925; Elfers v. Wooley, 116 N. Y. 294; Sloan v. Speaker, 63 Mo. App. 321; Lake Shore Ry. Co. v. Prentice, 147 U. S. 107; the rule as to excessive damages is stated in 17 C. J. 1090, and sustains the judgment here.

BLUME, Justice.

Wilson, the plaintiff, sued the defendant Hall for damages for an assault and battery. The case was tried to the

court without the intervention of a jury. Judgment was rendered in favor of plaintiff for $500 actual damages and $1,000 punitive damages. From that judgment the defendant has appealed. The parties will be named herein in the same manner as in the court below.

1. The defendant claims that the plaintiff's petition contains no allegations which would authorize the recovery of punitive or exemplary damages. There is some confusion in the authorities as to what, if any, allegations are necessary in a petition in an action for the commission of a tort, to permit the recovery of such damages. In order that any such damages may be recovered at all, the evidence, in any event, must show that the tort was committed maliciously, willfully or by some form of wantonness. The commission of a tort in a wanton manner is clearly a matter of aggravation. That is not so clear in all forms of malice or willfulness, but inasmuch as these are generally shown by the manner in which the tort is committed, they seem to be also treated as matters of aggravation, or at least in the nature thereof. Now it seems to have been the rule at common law that matters of aggravation, including motive and intent, unless of the gist of the action, were not necessary to be pleaded. Sutherland on Damages, 4th ed., sec. 422. It is said in the early Texas case of McGehee v. Shafer, 9 Tex. 20, 22:

"Matters which go merely in aggravation or in extenuation, and whose effect is but to enhance or diminish the damages, need not be pleaded. They are necessarily incidental to or intimately connected with, and inseparable from, the facts which constitute the cause of action or ground of defense, which they merely serve to qualify or illustrate, and, in connection with which they are always admissible in evidence as a part of the res gestae, without being specially pleaded."

And in the case of Schofield v. Ferrers, 46 Pa. St. 438, it was said that if outrage and oppression attend the commission of a tort, they belong to the wrongful act itself, and that, accordingly, the circumstances surrounding the commission of a tort need not be pleaded. In the case of Pierce v. Carpenter, 65 Mo. App. 191, an assault and battery case, it was said:

"It is an established rule of pleading at common law, and one which has received the sanction of courts of this state, that matters of aggravation do not constitute a part of the cause of action. * * * Under this rule it has been held, in actions like we have here, that such matters need not be pleaded but may be given in evidence, where it is averred that the assault was unlawfully made."

To the same effect are Lyddon v. Dose, 81 Mo. App. 64; Howard v. Lillard, 17 Mo. App. 228; Sampson v. Henry, 11 Pickering (Mass.) 379; Brewer v. Dew, 11 M. & W. 625, 152 Eng. Rep. 955. In the case of Rude v. Fakes, 143 Ill. App. 456, 459, the court said:

"Where willfulness or wantonness is not the substantive cause of action, it is not necessary to allege that the act was willful or wanton in order to recover punitive or exemplary damages."

In the case of Wilkinson v. Drew, 75 Me. 360, the suit was for negligence. It was contended, as here, that the petition, in order to warrant the recovery of punitive damages, should state that the wrong complained of was willfully or wantonly done; that otherwise the very gravamen of plaintiff's real claim would remain concealed until the moment of trial. But the court said:

"The objection is taken that there can be no recovery for punitive damages, because of the omission of certain adjectives intensifying the negligence, by describing it

as gross, and of certain adverbs indicating wicked intent, as maliciously, wantonly etc. · * * * The character of the negligence and how far it implies a disregard of the rights of others, or a criminal neglect on the part of a defendant, is to be determined by the jury, under proper instructions. The damages are to be determined by the act done or omitted to be done, and the circumstances attending the act or the omission to act, and not upon whether certain vituperative adverbs are or are not inserted in the declaration. To authorize damages it is sufficient if the plaintiff in his declaration alleges negligence, but he must prove that it is of such character as to authorize the jury to find that the act or omission of the defendant was willful and wanton.''

Greenleaf in his work on evidence, volume 2, section 89, summarizes the law on this subject, as he conceived it to be, as follows:

''The manner, motives, place, and circumstances of the assault, however, though tending to increase the damages, need not be specially stated, but may be shown in evidence. * * * Nor are the jury confined to the mere corporal injury which the plaintiff has sustained, but they are at liberty to consider the malice of the defendant, the insulting character of his conduct, the rank in life of the several parties, and all the circumstances of the outrage, and thereupon to award such exemplary damages as the circumstances may in their judgment require.''

Such then appears to have been the rule at common law; and we should take this fact into consideration in determining as to what the rule should be in this state. Under the impulse of the system of code pleading, the rule above set forth appears to have been modified, and, in a number of states at least, it is held that matters of aggravation should be pleaded and that in an action like that at bar the petition should allege that the tort was commit-

ted maliciously, willfully or wantonly, or the circumstances under which the tort was committed, from which malice, willfulness or wantonness may be inferred, should be alleged, in order to authorize the assessment of punitive damages. San Antonio etc. R. Co. v. Kniffen, 4 Tex. Civ. App. 484; Stark v. Epler, 59 Ore. 262; Railroad v. Ray, 101 Tenn. 1; Iaegar v. Metcalf, 11 Ariz. 283, 94 Pac. 1094; Selland v. Nelson, 22 N. D. 14, 132 N. W. 220; 5 C. J. 654, 17 C. J. 105, 106; Sutherland on Damages, supra, sec. 423 and note to sec. 422. It is not, as indicated, necessary, under the rule of these authorities, to expressly aver that the tort was committed maliciously, willfully or wantonly; the pleader may adopt the alternative and state facts and circumstances accompanying the commission of the tort, from which malice, willfulness or wantonness may be inferred. Assuming the rule of these cases to be the better rule, since it is the main purpose of pleading to inform the opposite party of the actual claim that is made, we shall proceed to investigate as to whether or not the petition in the case at bar comes within its spirit. Plaintiff alleges, among other things, that the defendant, on or about October 11, 1922, in Johnson county, Wyoming, violently assaulted him, and with great force struck grievous blows upon his head, jumped upon him and kicked him in the chest, abdomen and other parts of his body, thereby breaking three of his ribs and entirely disabling him; that he was greatly hurt, bruised and wounded and permanently disabled, so much so that his life was despaired of; that he expended $200 in endeavoring to cure his injuries; that by the wrongful and wicked acts of defendant, plaintiff was disabled to follow his usual vocation, at which he was able to earn $75 per month and lost $300 on that account; and that, by reason of the wrongs and injuries done him, he was damaged in the sum of $20,000.

It should be stated, in the first place, that it is unnecessary to characterize the assault and battery as unlawful. The allegation of the assault carries with it, in a civil

suit, the allegation of its illegality. Lutterman v. Romey, 143 Iowa 233, 121 N. W. 1040; 5 C. J. 651; 1 Chitty on Pleading (16th American edition 508, original p. 404). Again, it is unnecessary, in such suit, to allege that plaintiff was free from fault, or that there was no justification therefor; these are matters of defense. Myers v. Moore, 3 Ind. App. 226, 28 N. E. 724; 5 C. J. 652, 655, 656. The presumption, accordingly, is that the assault and battery alleged in the petition was unlawful and without fault of the plaintiff. In the case of Elfers v. Wooley, 116 N. Y. 294, it was held that an allegation that the assault was made without cause and without provocation, and with great force and violence, alleged facts from which malice might be inferred. In the case of Hilbert v. Doebricke, 8 O. D. (Reprint) 518, the petition averred that the defendant criminally and unlawfully assaulted the plaintiff with a club, striking him upon the arm and breaking it, whereby he suffered great pain, and that he was confined for a long time to his room. These allegations were held to authorize punitive damages. In the case of Iaegar v. Metcalf, supra, the petition alleged that the defendant, without cause or provocation, attacked the plaintiff, struck him in the eye with false knuckles, knocked him down and otherwise beat him, causing the loss of one of his eyes, whereby he suffered great physical pain and anguish. It was held that these allegations implied that the assault on the plaintiff was willful, and justified the assessment of punitive damages. In the case of Klein v. Thompson, 19 O. S. 569, an action for assault and battery, there was no allegation of malice, and apparently the petition simply alleged that the defendant unlawfully and violently assaulted and beat the plaintiff, and it was held that evidence of express malice was admissible and that punitive damages might be assessed. See also note 16 A. L. R. 832.

These decisions seem to indicate that the petition in the case at bar alleges circumstances of aggravation from which malice, willfulness or wantonness may be inferred,

and hence permitting the recovery of punitive damages. We are cited to the case of Selland v. Nelson, supra, which holds that the allegations in the petition there under consideration are not sufficient to justify the recovery of exemplary damages, and it is claimed by counsel for the defendant that this case is decisive of the case at bar. The allegations in the petition in that case were substantially as follows: The plaintiff, in the fall of 1905, was in good health; on or about October 1, 1905, defendant violently assaulted her, laid violent hands upon her, twisted and bruised her arm and otherwise injured her; that she was thereby disabled from attending to her business for three months thereafter; that she was lame and sick for a long time, was compelled to pay $100 for medical attendance, and lost earnings to the extent of $100; that by reason of the unlawful assault and battery, she suffered damages in the sum of $500. We cannot agree with counsel for the defendant that the case is decisive of the case at bar. The manner of the assault and battery, and the injuries alleged to have been inflicted in the case at bar, are of much more serious character than the manner of the assault and battery, and the injuries alleged to have been inflicted, in the North Dakota case. It is true that the mere fact that the assault and battery was unlawful did not justify exemplary damages. Brown v. Allen, 35 Iowa 306; Connor v. Sewell, 90 Tex. 275. To jump upon a man, however, and kick him in his chest and abdomen and other parts of the body, after violently striking him, is no ordinary assault which is merely unlawful, but clearly shows wantonness, particularly where three ribs of the person assaulted are broken and his injuries are of such serious character as to give cause for despairing of his life, as is alleged to have been true in the case at bar. We think it clear that the petition herein was sufficient to permit the introduction of evidence as a basis for the recovery of punitive damages. Counsel for the defendant further cite us to the case of Hirabelli v. Daniels, 40 Utah 513, 121 Pac. 966,

but we fail to see the applicability of that case. The court there held that only special damages were claimed and that there was no ad damnum clause or general allegation of damages. But in the case at bar, after alleging special damages, there is a general ad damnum clause and in that important respect differs from the Utah case. Nor do we find the case of Rochester v. Wells-Fargo & Company, 87 Kans. 164, 123 Pac. 729, in point, for in that case the petition purposely limited the damages to other than those that are punitive in character.

2. It is further claimed by counsel for the defendant that the evidence in the case was not sufficient to authorize the court to assess punitive damages and especially as great a sum as $1,000. Without setting out details, the testimony for plaintiff tends to show the following facts: Defendant was a rancher, engaged in the business of sheep raising. Plaintiff was in his employ at the time hereinafter mentioned. Defendant was a man forty-one years of age, 6 feet 2 inches tall, weighing 181 pounds and of the best of health; plaintiff was a man sixty-three years of age, and if we are to credit the uncontradicted statement of his counsel in their brief (though we find no clear testimony on this point in the record), he was of diminutive stature, and "no match" for defendant. In any event, the parties were both seen by the trial court on the witness stand. On October 10, 1922, the defendant had lost some sheep, and he thought that this was due, at least partially, to the fault of plaintiff. In the early morning of October 11, 1922, and before proceeding to search for the lost sheep, defendant went to the bunk house in which the plaintiff was accustomed to sleep and found plaintiff leaning against a corner of the building. After some comparatively unimportant remarks and without justification, defendant called the plaintiff an s. o. b., told him that he was of no account whatever, violently hit him in the face, twice knocked him down, broke his nose, made him bleed profusely, kicked him in the side, broke at least one rib,

rendered him unconscious and then left him, without paying the slightest attention to him, in his unconscious condition. Plaintiff remained on defendant's ranch during that day and the next morning went to the road that led to Kaycee, where he was picked up and taken to Kaycee by the mail carrier. After ariving at Kaycee, he was taken to a hotel. During that day, as testified to by the mail carrier and others, plaintiff's face was swollen almost beyond recognition; he suffered great pain and was in a weak and helpless condition. A physician was summoned, who attended to plaintiff's wounds. Plaintiff was confined in bed for about ten days, and was unable to do any work for a period of four months after his injuries. His spleen, also, became enlarged, probably as the result of these injuries, and this will cause him great trouble and much physical pain during the remainder of his life. Counsel for the defendant claim that the court did not find that the enlargement of the spleen was due to the injuries inflicted by the defendant, but there is nothing in the record to show that to be true. The mere fact that the court allowed only the sum of $500 as actual damages, does not, we think, warrant that conclusion.

Defendant, it is true, attempted to explain away the testimony produced on behalf of the plaintiff, and sought to show that defendant struck plaintiff by reason of an attack by plaintiff on defendant with a gun and knife; that the injuries to plaintiff's face were due to a barbed wire fence and that other injuries of the plaintiff were due to a kick from a horse, to a fall from a wagon, to a previous injury, and to the drunkenness of plaintiff. It would subserve no good purpose to recite the testimony in detail. Suffice it to say that the trial court evidently believed the testimony adduced on behalf of the plaintiff. The credibility of witnesses was a matter for the trial court, and the testimony on behalf of plaintiff was sufficient, we think, to warrant the court in finding, as it evidently did, that the assault and battery herein was not merely unlaw-

ful, but was accompanied by wantonness and oppression, for which punitive damages might be assessed. The amount thereof was largely in the discretion of the trial court, and we do not think that we are warranted in reducing the amount fixed by the court. A number of illustrations, where judgments of larger amounts than $1500 for assault and battery have been permitted to stand, are found in 5 C. J. 711. The court, as stated, evidently deemed the tort committed by the defendant as a case of an aggravated assault and battery, which, if prosecuted criminally under section 7075, W. C. S. 1920, might have been punished by a fine of one thousand dollars, and it is this penalty, perhaps, which the court had in mind in assessing the punitive damages herein.

No other points are argued, and we are constrained to come to the conclusion that the judgment below should be affirmed, and it is so ordered.

*Affirmed.*

POTTER, C. J. and KIMBALL, J., concur.